***********
The undersigned reviewed the prior Order, based upon the record of the proceedings before Deputy Commissioner Gregory. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives or amend the prior Order, except with minor modifications.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff sustained an admittedly compensable injury on December 17, 1984, and was provided medical treatment and temporary total disability benefits until September of 1985.
2. Plaintiff filed a Form 33 Request for Hearing on March 28, 1988, alleging left arm pain and tingling.
3. The matter was heard before Deputy Commissioner Lawrence B. Shuping on March 28, 1989, and an Opinion and Award was filed on January 12, 1990 dismissing plaintiff's claim with prejudice for failure to file it within the two year statute of limitations prescribed by the provisions of N.C. Gen. Stat. § 97-47.
4. The matter was reviewed by the Full Commission upon the appeal of plaintiff on October 2, 1990, and an Opinion and Award was filed on October 11, 1990, dismissing plaintiff's appeal for failure to file a Form 44 or brief with the Full Commission in support of her appeal.
5. Plaintiff filed a subsequent Form 33 Request for Hearing on September 23, 2003.
6. Deputy Commissioner Nancy Gregory filed an Order dismissing plaintiff's claim and request for hearing with prejudice on April 26, 2004.
7. Following issuance of the Opinion and Award, plaintiff requested reconsideration of the Order, which was denied by Deputy Commissioner Gregory on May 4, 2004.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. The applicable statute requires that all claims for a change of condition be made within two years of the last payment of compensation made pursuant to an award of the Commission. Plaintiff's claim was not filed within the time allowed by N.C. Gen. Stat. § 97-47.
2. Plaintiff did not timely appeal the Opinion and Award of the Full Commission, rendering the Opinion and Award to be a final determination of the issues decided therein. North Carolina Workers' Compensation Rules 701 and 702.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following:
 AWARD
1. Plaintiff's claim for additional benefits is barred by N.C. Gen. Stat. § 97-47 and Workers' Compensation Rules 701 and 702, and must be denied.
This the ___ day of November, 2004.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_______________ DIANNE C. SELLERS COMMISSIONER